United States District Court
Middle District of Florida
Jacksonville Division

STEPHANIE DIANE JONES ET AL.,

　　　　*Plaintiffs,*

v.                                                    NO. 3:18-cv-1508-J-34PDB

ARTHER LEE WILLIAMSON,

　　　　*Defendant.*

_____

# Report & Recommendation

Arther Lee Williamson has filed a "Notice of Removal in Pursuant to the Jurisdiction and Removal Act of 1875," Doc. 1, and a motion for leave to proceed in forma pauperis, Doc. 2. Because he provides no valid basis for removal, the undersigned recommends remand to the state court and denial of the motion.

## Background

For the caption of the notice, Mr. Williamson names himself as the "Respondent," names Stephanie D. Jones and the Florida Department of Revenue as the "Defendant," and provides information about the "Lower Tribunal Case": No. 2011-DR-10768-FM, Division FM-G, Circuit Court, Fourth Judicial Circuit.

In the body of the notice, Mr. Williamson states:

I Arther Lee Williamson representing himself in pursuant to 28 U.S.C. 1654[1] do hereby says: This court does have federal jurisdiction base upon constitutional tort.

### GROUND FOR REMOVAL

In pursuant to U.S.C. sec. 1332(a) and 28 U.S.C. sec.1446; The district court shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value of the amount shown in attachment.

1. I am a disable veteran and only receive $1068.36 dollars a month; See attachment.

2. An order for a writ of bodily attachment issue by Judge Lance M. Day;[2] See attachment.

3. The purge is for the amount of $1,500. Which I do not have the ability to pay.

Doc. 1 at 1 (errors in original).

Mr. Williamson quotes the Fourteenth Amendment and argues, "The lower court did violate my procedure due process; how they violated the 14the amendment? By issuing an order for writ of bodily attachment knowing that I am a disable veteran and how much I receive each month." Doc. 1 at 2 (errors in original). He continues, "The 4th judicial circuit has constant displayed bias and prejudice by violating [his] 14th amendment right, which is why [he] is requesting for a removal to Federal Court

---

[1]Section 1654 provides, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

[2]In Florida, a state court will issue a writ of bodily attachment for unpaid child support if it determines, by a preponderance of the evidence, that a person is liable for civil contempt. Fla. Fam. L. R. Proc. 12.615(c). The court must find "that a prior order directing payment of support was entered and that the alleged contemnor has failed to pay all or part of the support set forth in the prior order." Fla. Fam. L. R. Proc. 12.615(c)(1). A writ of bodily attachment for unpaid child support is considered a warrant for Fourth Amendment purposes. *United States v. Phillips*, 834 F.3d 1176, 1182 (11th Cir. 2016).

to insure he receives justices in pursuant to constitutional rights." Doc. 1 at 2 (errors in original). He asks this Court to void the writ and permanently enjoin the state court from issuing any more writs. Doc. 1 at 2.

Mr. Williamson attaches the order authorizing an issuance of a writ of bodily attachment. Doc. 1-1. In the order, Judge Day finds Mr. Williamson failed to appear after notice, failed to pay child support obligations, and has the ability to pay a $1,500 purge amount. Doc. 1-1 at 1. Judge Day holds that Mr. Williamson is in arrears for $13,855.74 through October 22, 2018, authorizes a writ of bodily attachment for failure to pay child support, explains Mr. Williamson may secure his release from the writ by paying the $1,500 purge amount, and reserves jurisdiction to determine the "pending contempt issue."[3] Doc. 1-1 at 1–2.

Mr. Williamson also attaches a letter from the Florida Department of Veterans' Affairs confirming that he receives service-connected monthly compensation of $1,068.36. Doc. 1-1 at 3.

Besides the notice and motion to proceed in forma pauperis, Mr. Williamson filed a motion for sanctions against Judge Day. Doc. 3. This Court denied the motion for failure to include a memorandum of law required by Local Rule 3.01(a). Doc. 4.

Mr. Williamson also filed a motion for a hearing "to determine facts and evidence." Doc. 6. In the motion, he states, "This court does have federal jurisdiction base upon constitutional tort. In pursuant to U.S.C. sec. 1332 (a) and 28 U.S.C. sec.1446; the district court shall have original jurisdiction. A court may not use arrest warrants or any form of seizure of property, suspension of license etc. As a means of coercion payment of court debt where individual has not been afforded constitutional

---

[3]Mr. Williamson's first name is spelled "Arthur" in the state-court order. *See* Doc. 1-1 at 1. He spells it "Arther" in filings here.

adequate protections." Doc. 6. This Court denied the motion as "premature" because the motion to proceed in forma pauperis is pending. Doc. 7.

Mr. Williamson also filed a document he had filed in the state action titled, "Notice to Transfer Information to a Higher Court." Doc. 5. In the document, he quotes Florida Rule of Appellate Procedure 9.040(b)(2)(C), which governs a state clerk's duties to transmit copies of parts of the state record to a transferee court.

Mr. Williamson has not filed "a true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, then on file in the state court" as required by Local Rule 4.02(b).

Mr. Williamson has initiated four federal actions addressing the same or similar subject matter, with the latest filed earlier this week. In the latest action, he asserts a claim under 42 U.S.C. § 1983 for alleged deprivation of constitutional rights in connection with the child support proceeding and writ of bodily attachment. *Arther Lee Williamson v. Judge Lance Day and Athiel S. Jones*, No. 3:19-cv-402-J-39JBT; *see also Arther L. Williamson v. Lance M. Day, Natalie A. Tuttle, and Kevin A. Hemphill*, No. 3:18-cv-776-J-39PDB (complaint for alleged "trespass" on rights and property; dismissed without prejudice for failure to follow order directing provision of basis for jurisdiction and filing of proper pleading); *Arther L. Williamson v. Stephanie Diane Jones and State of Florida, Department of Revenue*, No. 3:17-cv-1431-J-20JRK (attempted appeal of state-court order denying motion for audit of records of child-support hearing officer; dismissed without prejudice upon filing "motion to withdraw"); *Arther Lee Williamson v. Judge Tyrie Boyer*, No. 3:17-cv-906-J-34JBT (complaint for alleged constitutional violations in connection with judicial proceeding resulting in final injunction for protection against domestic violence; dismissed based on absolute judicial immunity and appeal dismissed for want of prosecution, No. 18-13391-E).

In all of the actions, including the current one, Mr. Williamson uses the same address in Jacksonville, Florida.

## Law & Analysis

Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). When a court lacks jurisdiction over a claim, it lacks power to render judgment on the merits of the claim. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

"The right to remove a case from a state to a federal court is purely statutory." 14B FED. PRAC. & PROC. JURIS. § 3721 (4th ed.).

28 U.S.C. § 1441 permits a defendant to remove a case brought in state court to federal court if the federal court has federal-question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Federal-question jurisdiction requires a claim "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction requires diverse citizenship of the parties and more than $75,000 in controversy. 28 U.S.C. § 1332(a). Because Congress created removal to protect defendants, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010), a defendant may not remove a case if he is a citizen of the state where the case is brought, 28 U.S.C. § 1441(b)(2); *Bregman v. Alderman*, 955 F.2d 660, 663 (11th Cir. 1992).

28 U.S.C. § 1446 governs removal procedure. A defendant who wants to remove a case to federal court from state court must timely file in the federal court a notice of removal signed under Federal Rule of Civil Procedure 11 and "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A defendant must prove the jurisdictional basis for removal by a preponderance of the evidence. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

A court must construe the removal statutes narrowly and resolve any doubt against removal. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court." *Id.* "The State court may thereupon proceed with such case."[4] *Id.* No hearing is necessary when it is clear the claim—even assuming its validity—provides no valid basis for removal. *Varney v. State of Ga.*, 446 F.2d 1368, 1369 (5th Cir. 1971).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* The standard for awarding fees "turn[s] on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

Here, remand is warranted because Mr. Williamson provides no valid basis for removal.

Through citation to § 1332(a) and reference to the amount in controversy, Doc. 1 at 1, Mr. Williamson claims diversity jurisdiction. But he includes no information

---

[4]"The substantive jurisdictional requirements … are not the only hurdles that a removing defendant must clear. There are also procedural requirements regarding the timeliness of removal." *Pretka*, 608 F.3d at 756. Timing requirements, found in 28 U.S.C. § 1446(b), vary depending on the circumstances. The timing requirements serve to "encourage expeditious removals from state to federal court" to "avoid the evils of the delay necessarily attendant upon the change of forum." *Id.* at 767 (internal quotation marks omitted). Belated filing may be an alternative basis for remand but, in the interest of judicial economy, the undersigned refrains from addressing the issue.

about the parties' citizenship and only vaguely claims the amount in controversy "exceeds the sum or value of the amount shown in attachment." Doc. 1 at 1. One attachment sets forth the $1,500 purge amount, Doc. 1-1 at 1–2, and one attachment sets forth the $1,068.36 monthly veteran's benefit he receives, Doc. 1-1 at 3, both well shy of the more-than-$75,000 requirement, *see* 28 U.S.C. § 1332(a). Moreover, to the extent he is a Florida citizen (likely, considering his repeated use of the same Florida address since his earliest federal action in 2017), he cannot remove an action filed in a state court in Florida, *see* 28 U.S.C. § 1441(b)(2), and diversity would be lacking with Florida citizens on both sides.

Removal fares no better considering federal-question jurisdiction. For removal, the predicate federal question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat. Bank*, 299 U.S. 109, 112 (1936). "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. A defense is not part of a plaintiff's properly pleaded statement of his or her claim. Thus, a case may not be removed to federal court on the basis of a federal defense[.]" *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal citations, alterations, and quotation marks omitted). Stated another way, a defendant "cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987).

Williamson's notice and the state-court order he provides make clear the state action is a state child-support enforcement action arising exclusively under state law; specifically, Florida Statutes § 120.69 ("Enforcement of agency action") and

§ 409.2563 ("Administrative establishment of child support obligations"), which permit the Florida Department of Revenue to initiate a collection action in state court to enforce an administrative support order issued by the agency. Williamson's assertion of a federal constitutional defense provides no basis for removal.[5] *See Gully*, 299 U.S. at 112; *Rivet,* 522 U.S. at 475; *Caterpillar Inc.*, 482 U.S. at 399.

---

[5]Mr. Williamson does not claim removal under 28 U.S.C. § 1443, and removal under that statute is unavailable to him. Section 1443 provides,

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.
> >
> > (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

For subsection (1) removal, the petitioner must satisfy a two-part test. *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001). Failure to satisfy either part of the test is fatal to removal. *Williams v. State of Mississippi*, 608 F.2d 1021, 1022 (5th Cir.1979). "First, the petitioner must show that the right upon which he relies arises under a federal law providing for specific civil rights stated in terms of racial equality." *Conley*, 245 F.3d at 1295 (internal quotation marks and quoted authority omitted). Broad assertions under the Equal Protection Clause are insufficient because racial equality rights do not include rights of "general application." *Id.* "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.* "Generally, the denial of the petitioner's equal civil rights must be manifest in a formal expression of state law." *Id.* at 1296 (internal quotation marks omitted). Except in the unusual case in which an "equivalent basis [can] be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court," it is expected that the protection of federal law can be enforced in the state proceedings. *Id.* (internal quotation marks omitted).

Subsection (2) removal "is available only to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966).

Because Mr. Williamson provides no valid basis for removal, remand to the state court and denial of the motion to proceed in forma pauperis are warranted. *See Evans v. State of Florida Dep't of Rev. Child Support Enforcement*, No. 3:09cv467/MCR/EMT, 2010 WL 419399 (N.D. Fla. Jan. 28, 2010) (unpublished) (finding removal of child-support-enforcement action improper and remanding to state court; "Evans' asserting a federal constitutional defense to the enforcement action does not provide a basis for removal"). Although Mr. Williamson appears to have lacked an objectively reasonable basis for seeking removal, *see Martin*, 546 U.S. at 141, no other party has appeared in this action to claim fees or costs for improper removal, making an award unnecessary but a caution warranted.

Mr. Williamson's filing of a separate § 1983 action about the child-support-enforcement action and writ of bodily attachment, *see Arther Lee Williamson v. Judge Lance Day and Athiel S. Jones*, No. 3:19-cv-402-J-39JBT, makes clear he did not intend his notice to be a pleading, making it unnecessary for the Court to construe the notice as one under the liberal construction standard for pro se litigants.[6]

### Recommendations

The undersigned recommends:

(1)   **entering** an order remanding this action to the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, in

---

Here, for subsection (1) removal, Mr. Williamson satisfies neither part of the test, citing only constitutional rights of general application. *See generally* Doc. 1. For subsection (2) removal, he does not contend he is a federal officer or someone who assisted a federal officer or that the state action involves the pertinent type of claims. *See generally* Doc. 1. Removal is improper under § 1443. *See Varney*, 446 F.2d at 1369 ("To support removal under [subsection (1)], it is necessary that the defendant claim rights under a law providing for specific civil rights stated in terms o[f] racial equality. Varney's contentions have nothing to do with racial equality. Section 1443(2) is equally unavailable since its provisions are limited to federal officers and those authorized to act for them or under them.") (internal quotation marks omitted).

[6]A court must hold a complaint drafted by a pro se plaintiff to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

*Stephanie Diane Jones and State of Florida, Department of Revenue v. Arthur (also spelled "Arther") Lee Williamson*, No. 2011-DR-10768-FM (Division FM-G);

(2)   **cautioning** Mr. Williamson that removal of a state action to federal court without an objectively reasonable basis may subject him to costs and actual expenses, including attorney's fees, under 28 U.S.C. § 1447(c); and

(3)   **directing** the clerk to mail a certified copy of the remand order to the state clerk, terminate all pending motions, and close the action.[7]

**Entered** in Jacksonville, Florida, on April 12, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   The Honorable Marcia Morales Howard

Arther Lee Williamson
7846 Stephenson Drive
Jacksonville, FL 32208

---

[7]"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

The Jacksonville Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 11:00 a.m. to 12:30 p.m. on the 9th floor of the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202. Through that program, unrepresented litigants may obtain information from a lawyer on a limited basis for free. More information about the program is available on the Court's website: http://www.flmd.uscourts.gov/legal-information-program.